# In the United States Court of Federal Claims

Nos. 22-1873, 22-1874

(Filed: April 27, 2023)

```
*************************************
                                    *
WESLEY KEITH MULLINGS[1],           *
                                    *
              Plaintiff,            *
                                    *
       v.                           *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
*************************************
```

## ORDER OF DISMISSAL

Plaintiff Wesley Keith Mullings, proceeding pro se, filed two complaints with this Court alleging trademark infringement stemming from the use of his name in proceedings before the Union Township Municipal Court, the Superior Court of New Jersey, Chancery Division, and the Newark Municipal Court.  See ECF No. 1-1 at 3-8 (Case No. 22-1873); ECF No. 1-2 at 6-8 (Case No. 22-1874).  Plaintiff further alleges that Defendants – two New Jersey Municipalities and a number of private individuals – committed "slander, libel . . . and identity theft" and threatened his incarceration.  See ECF No. 1 at 1 (Case No. 22-1873); ECF No. 1 at 2 (Case No. 22-1874).  Plaintiff seeks damages of "$500,000.00 [for each incident] of trademark infringement," "$200,000.00 [for each incident] of slander and libel," and other damages associated with alleged "failure to protect" him and "fraudulent and false statements."  ECF No.

---

[1] Both of Plaintiff's complaints identify Plaintiff as "Wesley-Keith: Mullings, holder in due course of ®WESLEY KEITH MULLINGS©".

1

1 at 6-7 (Case No. 22-1873); ECF No. 1 at 7-8 (Case No. 22-1874). Plaintiff further seeks injunctive and declaratory relief to prevent Defendants from using his name. ECF No. 1 at 7 (Case No. 22-1873); ECF No. 1 at 7-8 (Case No. 22-1874).

The filings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007).

Plaintiff's complaints must be dismissed for lack of jurisdiction because his allegations are not directed at the Federal Government, nor did he name the Federal Government as Defendant. See ECF No. 1 at 1 (Case No. 22-1873); ECF No. 1 at 1 (Case No. 22-1874). See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States …" (emphasis added)); "[T]he only proper defendant for any matter before [the Court of Federal Claims] is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003); see also United States v. Sherwood, 312 U.S. 584, 588 (1941).

This case is **DISMISSED** for lack of jurisdiction. The Clerk of the Court is instructed to enter judgment accordingly.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**
